FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 12, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETEVILLE DIVISION

| | |
|---|---|
| CURT LEDBETTER,<br><br>*on behalf of himself and those similarly situated*<br><br>Plaintiff,<br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC.<br><br>Defendant. | Case No.: 18-5177<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, Curt Ledbetter ("Plaintiff"), on behalf of himself and all similarly situated individuals, and alleges the following claims:

### INTRODUCTION

1. This is a consumer class action brought against Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") for willful violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. This lawsuit challenges the manner in which Equifax reports judgment liens in Arkansas and the procedures it fails to follow to ensure the maximum possible accuracy of those judgments that are satisfied or similarly dismissed.

2. Plaintiff obtained a copy of his credit report from Smart Credit and discovered that Equifax is reporting a judgment lien against Plaintiff. This reporting was inaccurate because the lien had been satisfied.

### JURISDICTION

3. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. §1331; 15 U.S.C. §1681.

4. Venue in this District is proper pursuant to 28 U.S.C. §1391(b)(2) in that a

substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business in this district, as such personal jurisdiction is established.

## PARTIES

6. Plaintiff Curt Ledbetter is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Rogers, Benton County, AR.

7. Defendant Equifax is a national corporation with its principal place of business located in Atlanta, Georgia. At all times relevant hereto, Defendant Equifax was a consumer reporting agency as defined and governed by the FCRA. Defendant Equifax can be served with process upon its principal place of business, located at 1550 Peachtree Street NW, Atlanta, GA 30309.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. On or about December 22, 2016, Plaintiff obtained a copy of his credit report from Smart Credit and discovered that Equifax was inaccurately reporting a judgment lien against Plaintiff in the amount of $1,763.

10. A judgment lien had been entered against Plaintiff in or around January of 2012.

11. Thereafter, Plaintiff satisfied the judgment lien.

12. Experian Information Solutions, Inc. and Trans Union LLC, two other credit reporting agencies, were reporting the judgment lien as "satisfied" and "paid", respectively.

13. Equifax was reporting the judgment lien as "filed."

14. Despite the satisfaction, Equifax has continued to report the judgment lien as filed on Plaintiff's credit report.

15. Equifax, itself or through a third party, affirmatively seeks out and purchases public records data, including Arkansas judgment liens, to report to the world about Arkansans when it sells their credit reports.

16. Equifax proactively gathers and disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so.

17. The reporting of Arkansans judgment lien information benefits Equifax's customer base who rely on the credit reporting of these judgments as a collection or credit decision tool.

18. Equifax's actions have caused Plaintiff and the putative class to suffer an injury in fact where Equifax invaded their privacy, maintained and published inaccurate and harmful information about them.

19. At a minimum, Equifax failed to use reasonable procedures to assure that the public record information it published about the Plaintiff and the class was maximally accurate.

20. Equifax's actions have caused Plaintiff to suffer actual damages, including loss of credit opportunity, emotional distress, and embarrassment.

## FIRST CAUSE OF ACTION
## CLASS ACTION ALLEGATIONS

### Violations of the FCRA, 15 U.S.C. §1681e(b) – Curt Ledbetter
### (Systematic failure to report satisfactions, dismissals,
### vacaturs, and appeals of judgment liens in Arkansas)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. **Class Definition.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

*All consumers (1) about whom Equifax furnished a consumer report (2) in the five*

*years preceding the date of class certification; (3) that contained a judgment lien in Arkansas as filed, unpaid, and/or unsatisfied (4) but which was satisfied, set aside, vacated, appealed, and/or dismissed with prejudice (5) prior to the date of the report.*

23. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

24. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Equifax's standard procedures to update Arkansas judgment liens that have been satisfied, vacated, set aside, appealed or dismissed were reasonable;

b. Whether Equifax knowingly and intentionally committed an act in conscious disregard of the rights of the consumer; and

c. Whether Equifax's conduct constituted violations of the FCRA.

25. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

26. **Adequacy. FED R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

27. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication for the controversy. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

28. **Injunctive Relief Appropriate for the Class. FED. CIV. R. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

29. Defendant violated 15 U.S.C. §1681e(b) as to the Plaintiff and to the Class by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and other Class members.

30. Defendant's violation of §1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. §1681n.

31. The Plaintiff and each Class member suffered an actual injury and loss because of Defendant's violation of §1681e(b) as alleged herein.

32. The plaintiff and each Class member are entitled to recover statutory damages up to $1,000, punitive damages, costs, and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff moves for Class certification and for judgment against the Defendant, as a Class as alleged for the following:

A. Statutory damages pursuant to 15 U.S.C. §1681n(a);

B. Punitive Damages pursuant to 15 U.S.C. §1681n(a)(2);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 11th day of September 2018.

> By: /s/ David A. Chami
> David A. Chami, AZ #027585
> PRICE LAW GROUP, APC
> 8245 N. 85th Way
> Scottsdale, AZ 85258
> T: (818) 600-5515
> F: (818) 600-5464
> E: david@pricelawgroup.com
>
> *Attorneys for Plaintiff Curt Ledbetter,*
> *for himself and on behalf of all*
> *those similarly situated individuals*